**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SOUTHERN FARMS LTD.,**

        **Plaintiff,**

**-vs-**          **Case No.  6:06-cv-309-Orl-22DAB**

**AMERICAN FARMLAND INVESTORS CORP.,**

        **Defendant.**

_____

## ORDER

### I  INTRODUCTION

This cause comes before the Court on American Farmland Investors Corp.'s ("AFIC") Amended Motion to Stay Case and Compel Arbitration filed March 29, 2006 (Doc. 9).  Upon careful consideration of the memorandums of law and exhibits presented to the Court and oral arguments made during the July 17, 2006 hearing, AFIC's motion is **GRANTED**.

### II.  BACKGROUND

Southern Farms ("SF") is a Florida limited partnership and AFIC is a Delaware non-profit corporation owned by the Pennsylvania Public School Retirement System.  Doc. 9 at 1.  In September, 1990 the two parties entered into a lease agreement ("Ground Lease"), with SF the tenant, for a 7,520 acre tract of land in Highlands County, Florida to be used for citrus production.  *Id*. at 1-2.  The Ground Lease contained a purchase option.  *Id*.  In 2005, SF sought to exercise this option.  *Id*. at 4.

Pursuant to the terms of the purchase option (¶ 20 and related sub-paragraphs of the Ground Lease, Doc. 1-2) AFIC appointed an appraiser to determine the fair market value of the land. Doc. 9 at 4. SF found the figure unacceptable and exercised its option to appoint its own appraiser. *Id*. AFIC found SF's appraiser's figure unacceptable so the two appraisers jointly designated a third appraiser. *Id*. The third appraiser's figure was slightly more than what SF's appraiser had determined to be the fair market value of the land but still more than $10MM below the first appraisal.[1] *Id*. AFIC refused to accept this third figure and claimed SF had misrepresented and withheld information from the second and third appraisers, which resulted in the unacceptable valuations. *Id*. at 5-8. The two parties participated in mediation on March 9, 2006, but were unable to reach a resolution. *Id*. at 4.

On March 10, 2006, SF filed a complaint (Doc. 1) seeking specific performance by AFIC under the terms of the Ground Lease allowing SF to purchase the property for the amount determined by the third appraiser. SF's complaint also seeks declaratory judgment as to whether the option purchase price must be arbitrated. Doc. 1 at 7-8.

### III.  ANALYSIS

As an initial matter the parties seek a resolution as to who should decide the arbitrability of option price dispute. In its Memorandum Opposing Arbitration (Doc. 13), SF correctly contends that the question of arbitrability is for the courts to decide, "unless the parties clearly and unmistakably provide otherwise." Doc. 13 at 5 (*citing Howsam v. Dean Witter Reynolds, Inc.*, 537 US 79, 83 (2002)). The Eleventh Circuit has held that parties

---

[1] AFIC's appraiser said the fair market value was $22.4MM while SF's appraiser came up with $9MM and the third appraiser said $10.8MM.

may clearly and unmistakably provide for the arbitrator to decide the scope of the arbitration clause by incorporating the American Arbitration Association ("AAA") rules into the arbitration agreement. *Terminix Int'l Co. v. Palmer Ranch Limited Partnership*, 432 F.3d 1327, 1332 (11th Cir. 2005). In *Terminix,* the contract between the parties had an arbitration clause that stated arbitration would be governed by the AAA rules then in effect. *Id*. One of the rules in effect at the time of dispute, Rule 8(a), conferred authority on the arbitrator to determine the scope of the arbitration clause. *Id*. The court explained that incorporating the AAA rules (which included Rule 8(a)) clearly and unmistakably showed an intent to have the arbitrator decide the scope of arbitration. *Id*.

Similarly, in the instant case, the purchase option in the Ground Lease specifies that in the event of arbitration, the AAA Commercial Arbitration rules in effect at the time the dispute is submitted for arbitration will govern. Doc. 1-2 at 17. At the time this dispute arose, AAA Commercial Arbitration rules provided that the arbitrator had the power to decide the scope of the arbitration.[2] Doc. 9 at 11. However, SF asserts that Rule 7(a) was not incorporated into the Ground Lease arbitration clause because it was not in the AAA Commercial Arbitration rules at the time the Ground Lease was executed. Doc. 13-1 at 6.

SF distinguishes the instant case from *Terminix* in that the rule conferring the authority to decide the scope of the arbitration on the arbitrator (Rule 7(a)) was included in

---

[2]While the text of the rule and when it came into effect is not in question, a change in the numbering is somewhat confusing. As the Court understands it, the AAA rule concerning jurisdiction of the arbitrator at one time was 8(a), which has since been re-numbered to 7(a) but is otherwise unchanged. The Court will refer to the rule as 7(a) in relation to the rules governing the instant case but may refer to 8(a) when discussing previous cases.

the AAA rules when the Terminix contract was signed, whereas here it was not. Doc. 13-1 at 6. SF supports the proposition that Rule 7(a) should not be incorporated with a factually complex case from the Eastern District of Pennsylvania, *Hasbro, Inc. v. Amron*, 419 F. Supp. 2d 678 (E.D. Pa. 2006). In *Hasbro,* the court held that while "the arbitration panel did not err in determining the scope of its jurisdiction in the arbitration," the amended AAA rule was not incorporated into the arbitration agreement. *Id*. at 686.

However, in contrast, a case noted by the *Hasbro* court from the U.S. District Court for the Southern District of Florida held that the amended AAA rules were incorporated into an arbitration agreement. *Hasbro*, 419 F. Supp. 2d at 685 (citing *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPARTNERS Inc.*, 203 F.R.D. 677 (S.D. Fla. 2001)). In *Brandon,* the court relied on AAA Rule 1, which was in effect at the time of contracting, to justify the incorporation of Rule 8(a). *Brandon*, 203 F.R.D. at 684. The court interpreted AAA Rule 1 to mean that the rules in effect at the time the original agreement is executed and any amendments thereto in effect at the time of dispute will apply. *Id*. Consequently, since amended Rule 8(a) was in effect at the time of dispute it was applicable because Rule 1 said it would be. *Id*. The district court said that if one of the parties did not want to be bound by any future amendments to the AAA rules it could have contracted for that. *Id*. On appeal, the Eleventh Circuit affirmed the district court's decision that the matter should be arbitrated but specifically declined to answer whether the parties intended to incorporate the amended AAA rule granting arbitrators the authority to determine arbitrability. *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPARTNERS Inc.*, 312 F.3d 1349, 1359 (11th Cir 2002).

Additionally, AFIC cites two unreported cases[3] from Connecticut and Tennessee, *Congress Construction v. Geer Woods, Inc.,* 2005 WL 3657933 (D. Conn) and *Book Depot Parnership vs. American Book Co.*, 2005 WL 1513155 (E.D. Tenn.), where the district courts held that AAA Rule 1 effectively incorporates all subsequent amendments to the AAA rules, specifically Rule 7(a). Doc. 9 at 12 *(citing Congress Construction,* 2005 WL 3657933 at 3; *Book Depot Parnership*, 2005 WL 1513155 at 3).

In the alternative, if the Ground Lease does not incorporate the amended AAA rule, it would be the responsibility of this Court to determine the arbitrability of the claims. As correctly stated in SF's memorandum in opposition to arbitration, to determine arbitrability the Court must first determine whether there is a valid agreement to arbitrate. Doc 13-1 at 9 (citing *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003)). SF concedes that there is some type of an arbitration agreement. Doc. 13-1 at 4-5. After finding a valid agreement to arbitrate the Court must then determine whether the dispute as to the option purchase price falls within the scope of that agreement. See Doc. 13-1 (citing *Will-Drill Resources*, 352 F.3d at 214).

The purchase option contained in the Ground Lease says, "[e]xcept as expressly provided herein, in the event any dispute shall arise under this Agreement as to the Option Price, ..., then such dispute shall be submitted for arbitration." Doc. 1-2 at 18. SF focuses on the language "except as expressly provided herein," and other language in the purchase

---

[3]This Court understands that unreported cases from district courts outside the Eleventh Circuit are not binding nor the most persuasive authority. However, this Court believes that these cases are persuasive when combined with the Brandon holding.

option sub-paragraphs to support its assertion that the third appraiser's decision is final, so long as the earlier procedures were followed, and thus this dispute is not arbitrable. AFIC on the other hand suggests a less narrow reading.

The Supreme Court has stated that "the Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or [some other issue]." *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Additionally, the Supreme Court has said "issues will be deemed arbitrable unless it is clear that the arbitration clause has not included them." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 945 (1995). In the instant case, it is far from clear that the option price dispute is not arbitrable. Since SF has failed to carry its burden to prove the claim is not arbitrable, this Court, if it were its responsibility, would hold that the option price dispute was arbitrable. However, since this Court believes it is not its place to decide arbitrability, this issue will be left up to the arbitrator.

## IV. CONCLUSION

The agreement between the parties incorporates the AAA Commercial Arbitration rules in effect at the time of the dispute. The rules in effect at the time of dispute here include Rule 7(a), which gives the arbitrator the authority to decide the issue of arbitrability. As such it is the arbitrator and not the Court that should interpret the arbitration clause contained in the Ground Lease. However, if it were this Court's decision to make, it would resolve the disputed interpretation of the arbitration agreement in favor of arbitration, which

is in accordance with the national policy favoring arbitration.  But to be clear, this order holds only that the arbitrator has the authority to decide the arbitrability of the claims.

Based on the foregoing, it is ordered:

(1)  AFIC's Motion (Doc. 9) to Stay Case and Compel Arbitration is **GRANTED**.

(2)  The Clerk is directed to administratively close the file.

(3)  On or before November 1, 2006, and every three months thereafter, Southern Farms shall file a status report concerning the arbitration proceedings.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 19, 2006.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party